Case 1:13-cv-01011-CBK Document 22 Filed 12/23/13 Page 1 of 6 PageID #: 93



UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| THOMAS ESTES, as personal representative to his estate, and BENEFICIARY ESTATE, minor child, A.E.U., <br><br> Plaintiffs, <br><br> -vs- <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, CHRIS DURYEA, Registry Manager, State of Connecticut, Judicial Branch Court Operations, PAMELA SCHWALM, District Manager, Social Security Administration KERRY WENBOURNE, Social Security Administration, and STATE OF SOUTH DAKOTA, Department of Public Safety, Driver Licensing Program, <br><br> Defendants. | CIV 13-1011 <br><br><br> OPINION AND ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiff filed a pro se complaint and two applications to proceed without the prepayment of fees. The motions were granted and the Clerk was directed to give notice to those defendants who had not already appeared. Now pending are motions to dismiss by defendants Astrue, Schwalm, and Wenbourne, a motion to dismiss by defendant State of South Dakota for lack of service of process, and a motion to dismiss by defendant

Duryea for lack of personal jurisdiction, failure to state a claim, and lack of service of process. Plaintiffs have not filed any response to the pending motions.

Plaintiffs stated in the civil cover sheet that the basis of jurisdiction is "U.S. government defendant" and the nature of the suit is a civil rights claim. They claimed the origin of the case is multidistrict litigation. The statute upon which plaintiffs stated their claims arise is 28 U.S.C. § 2412 (the costs and fee provisions applicable to the United States as defendant) and they described the nature of their claims as "serious delinquancy (sic) and deragatory (sic) instrument."

Plaintiffs' *pro se* complaint does not clearly allege which defendants are alleged to have engaged in what conduct. Nonetheless, a fair reading of the complaint is that plaintiff Thomas Estes is alleging that one of them is a surviving dependent of "pentagon federal employees and combat wounded service personell (sic) of the U.S. Armed Services." He claims that he filed a 2008 application with the Social Security Administration, seeking disability benefits and he has waited for 109 months for a ruling. He contends that the National Crime Information Clearinghouse ("NCIC") contains false information regarding a protections order and that has caused him "to suffer severe, lasting, and irreparable chagrin, humiliation and embarrassment." The claimed false NCIC claim is apparently directed at the Connecticut defendant. Plaintiffs seek a judgment that one or both of them is entitled to receive monthly social security disability benefits, that they be issued new social security numbers, that the South Dakota Department of Public Safety must issue driving privileges to, presumably Thomas Estes, and that the NCIC be updated to show correct information.

## DECISION

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), *citing* Bender v. Williams-Port Area School Dist., 475 U.S. 534, 541, *reh'g denied* 476 U.S. 1132 (1986), *citing in turn* Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803). "The threshold inquiry in every federal case is whether the court has jurisdiction"

and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27, and Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987).

"The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction." Arkansas Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A., 551 F.3d 812, 816 (8th Cir. 2009). In this case, the plaintiffs have the burden of establishing that jurisdiction exists. It is not the responsibility of defendants to prove otherwise. Titus v. Sullivan, 4 F.3d 590, 593 n.1. (8th Cir. 1993).

Plaintiffs have not set forth in the complaint any basis for federal jurisdiction.

The United States Supreme Court has observed that the "Social Security disability benefits program . . . is 'unusually protective' of claimants." Henderson ex rel. Hendersonv. Shinseki, ___ U.S. ___, ___, 131 S.Ct. 1197, 1204, 179 L.Ed.2d (2011).

> To facilitate the orderly and sympathetic administration of the disability program of Title II, the Secretary and Congress have established an unusually protective four-step process for the review and adjudication of disputed claims. First, a state agency determines whether the claimant has a disability and the date the disability began or ceased. Second, if the claimant is dissatisfied with that determination, he may request reconsideration of the determination. This involves a de novo reconsideration of the disability claim by the state agency, and in some cases a full evidentiary hearing. Additional evidence may be submitted at this stage, either on the request of the claimant or by order of the agency. Third, if the claimant receives an adverse reconsideration determination, he is entitled by statute to an evidentiary hearing and to a de novo review by an Administrative Law Judge (ALJ). Finally, if the claimant is dissatisfied with the decision of the ALJ, he may take an appeal to the Appeals Council of the Department of Health and Human Services (HHS). These four steps exhaust the claimant's administrative remedies. Thereafter, he may seek judicial review in federal district court. 42 U.S.C. § 405(g).

Heckler v. Day, 467 U.S. 104, 106–107, 104 S.Ct. 2249, 2251, 81 L.Ed.2d 88 (1984) (internal citations omitted). This Court does not have jurisdiction to review decisions or lack of decisions of the Social Security Commissioner except under 42 U.S.C. § 405(g).

Nowhere in the complaint is it alleged that jurisdiction is proper under § 405(g) or that Mr. Estes obtained a final decision of the Commissioner denying benefits. Plaintiffs have not alleged any other basis for federal jurisdiction as to the Social Security defendants. Plaintiffs have failed to establish that subject matter jurisdiction exists as to claims against the Social Security defendants. Such claims should be dismissed.

The South Dakota defendant has filed a motion to dismiss for failure to effectuate service of process or, alternatively, to order valid service. The Connecticut defendant has likewise moved to dismiss for failure to effectuate service of process. This Court ordered that the Clerk provide notice by serving a copy of the complaint and summons upon the South Dakota and Connecticut Attorneys General. Such service was intended to be notice of the pendency of the action. Pursuant to 28 U.S.C. § 1915(e) and § 1915A, the Court is required to determine, in proceedings *in forma pauperis*, whether plaintiff has alleged any cognizable claims prior to the expenditure of funds for service of process. It was and is impossible to discern just what type of claim was being asserted against the state defendants. I am still unable to discern from the complaint any cognizable claims against the Connecticut or South Dakota defendants.

I nevertheless should not have directed the mailings to be made. I knew then, as I have always known, that service by mail of a summons and complaint is a nullity. I apologize to the parties for the confusion I have caused. Obviously, if I had intended to order service of process, I would have directed the United States Marshals Service to accomplish service of process. I did not do so. There has been no service of process and the action could be dismissed for that failure alone. I do not intend to dismiss this case on the basis of defective service of process as there are other reasons to dismiss this case.

Mr. Estes is not a lawyer. He has no right to act as pro se counsel for a minor he refers to as "A.E.U.". He also has not presented any other reason why he could represent a minor in federal court.

Plaintiff's complaint fails to establish that subject matter jurisdiction exists as to any claims against the Connecticut and South Dakota defendants. State government officials are protected by the United States Constitution from being sued in federal court for what plaintiffs are apparently claiming in this action. Employees v. Missouri Public Health & Welfare Dep't., 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973) ("it is established that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State").

Plaintiffs have also failed to set forth any basis for asserting personal jurisdiction over defendant Duryea. Plaintiffs "must state sufficient facts in the complaint to support a reasonable inference that [the defendant] can be subjected to jurisdiction within the state." Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004). "Under the Fourteenth Amendment, nonresident defendants must have sufficient minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985). Even according a liberal reading of plaintiffs' *pro se* complaint, plaintiffs have not alleged any facts that would subject defendant Duryea to the jurisdiction of the United States District Court for the District of South Dakota.

Plaintiffs' complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *accord*, Chambers v. Conrad, 8th Cir. No. 13-3024 (December 11, 2013). Plaintiffs' complaint fails to state any basis for subject matter jurisdiction, fails to state a congnizable federal claim against any defendant, and fails to allege sufficient facts to assert personal jurisdiction over defendant Duryea.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 7, to dismiss defendants Colvin, Schwalm, and Wenbourne is granted.

2. The motion, Doc. 17, to dismiss defendant State of South Dakota is granted.

3. The motion, Doc. 20, to dismiss defendant Duryea is granted.

4. This matter is dismissed without prejudice and without costs.

Dated this 23rd day of December, 2013.

BY THE COURT:

*Charles B Kornmann*

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Barbara Joseph*
      DEPUTY

(SEAL)